UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICK WISWALL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MASSACHUSETTS DEPARTMENT OF )<br>CORRECTION, )<br>)<br>Defendant. )<br>) | Civil Action No. 1:17-11703-JCB |

## MEMORANDUM AND ORDER

September 11, 2017

BOAL, U.S.M.J.

Before the Court are documents from state prisoner Patrick Wiswall ("Wiswall") in which he represents that he is being denied treatment for Hepatitis-C because he received a disciplinary report. The Clerk docketed the papers and assigned a civil case number to the matter. For the reasons set forth below, the Court (1) directs the plaintiff to file a complaint and resolve the filing fee if he intends to prosecute a civil case; and (2) orders the Massachusetts Department of Correction to provide a report concerning Wiswall's condition and treatment plan.

### I.     Contents of the Letter

Wiswall's submission consists of a (1) cover letter; (2) copy of a letter grievance he apparently submitted to the Massachusetts Department of Correction ("DOC"), dated August 21, 2017; and (3) a lengthy attachment to the grievance in which he provides more detailed factual representations concerning his status. The cover letter is not addressed to any particular person or entity; however, the attachment to the grievance contains a carbon copy list of twenty

recipients, including state and federal officials, state and federal agencies, state and federal judges (including the Chief Judge of this Court), law schools, and newspapers.

According to the papers he submitted, Wiswall is forty-five years old and is confined at MCI Concord. He has four to five years of his criminal sentence remaining. On June 5, 2017, Wishall began a twelve-week "life-saving" treatment plan for Hepatitis-C week during which he was administered the pharmaceutical drug Epclusa. On August 28, 2017, however, he was notified that the medication and treatment had been discontinued on August 7, 2017. The basis for the discontinuation of the treatment was a disciplinary report he received after another inmate gave him a common over-the-counter pain reliever. Wiswall pleads with the DOC to allow him to continue the course of treatment for Hepatitis-C.

## II. Filing of a Complaint

It is not clear whether, in sending the letter and enclosures to the Court, Wishell intended to commence a civil action.

"A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. The documents Wiswall filed do not constitute a civil complaint. If Wiswall is attempting to bring a civil action based on the alleged cessation of medical treatment, he must file a civil complaint in which he identifies the defendants, sets forth factual allegations of each of the defendant's misconduct, and specifies the relief sought. Under the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties," and the claims in a pleading must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(a), (b).

## III. Filing Fee

If Wiswall wishes to prosecute a civil action, he must either (1) pay the $350.00 filing fee

and the $50.00 administrative fee,[1] see 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing fee, see 28 U.S.C. § 1915 (proceedings in forma pauperis).  Where, as here, the plaintiff is a prisoner, a motion for waiver of prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of in forma pauperis status.  Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full.  See 28 U.S.C. § 1915(b)(1)-(2).  Even if the action is dismissed upon a preliminary screening, see 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the filing fee, see McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

**IV.     Status Report from the Department of Correction**

Due to the potentially time-sensitive nature of the medical care issue Wiswall raises in his papers, the Court will require the DOC to provide a status report concerning Wiswall's health status and the medical care he is receiving.  More specifically, the Court orders the DOC to inform the Court (1) whether Wiswall started a course of treatment for Hepatitis-C on or about June 5, 2017, and, if so, the nature of the treatment; (2) whether any such course of treatment

---

[1]The $50.00 administrative fee became effective May 1, 2013; it does not apply to persons proceeding in forma pauperis.  See Judicial Conference Fee Schedule.

was terminated or interrupted in or about August 2017, and, if so, the reason therefore. The DOC shall also state whether Wiswall suffers from Hepatitis-C and identify any treatment he has received, will receive, or is scheduled to receive for this condition.

**V.      Conclusion**

Accordingly:

1.     If Wiswall wishes to pursue a civil action, he must, within 35 days of the date of this order (a) file a complaint; and (2) pay the filing $400 filing fee or file a motion for leave to proceed in forma pauperis with a six-month prison account statement. Failure to do so may result in dismissal of this action.

For the convenience of litigants, this Court provides a form application to seek leave to proceed in forma pauperis. The Clerk shall provide Wiswall with a copy of this form, which is titled "Application to Proceed in District Court Without Prepaying Fees or Costs."

2.     The DOC must, no later than 5:00pm on September 19, 2017, file the above-described status report. The DOC shall contact the Court's courtroom deputy clerk, Steve York, to ensure that the document is filed in such a way as to limit remote electronic access to this document to parties and Court employees. The DOC shall also serve a copy of this report on Wiswall. Unless otherwise notified by the DOC, the Court will not construe the DOC's submission of the status report as a general appearance or a waiver of service.

3.     The Clerk shall send a copy of this Order and the papers submitted by Wiswall to the Office of General Counsel of the DOC, 70 Franklin Street, Ste. 600, Boston, MA  02110.

    /s/  Jennifer C. Boal
JENNIFER C. BOAL
UNITED STATES MAGISTRATE JUDGE